IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>    Plaintiff,<br><br>    v.<br><br>COBRA ELECTRONICS CORPORATION AND THE WHISTLER GROUP, INC.,<br><br>    Defendants. | Case No.  1:12-CV-392-BLW<br><br>**MEMORANDUM DECISION AND CASE MANAGEMENT ORDER** |

# MEMORANDUM DECISION

The Court's staff held a telephone conference with all counsel on November 8, 2012. Each party submitted a proposed litigation plan identifying the areas in dispute. The Court will resolve each issue below.

**Motion to Stay**

The defendants have filed a motion to stay this litigation – including the entry of any Case Management Order – until after the Patent Office rules on their invalidity claims. The briefing on the motion to stay is not yet complete, and the Court offers no advance opinion on that motion. The Court can find no reason to delay this case while waiting for the briefing to be complete, and finds that the case must proceed until that motion is resolved.

**30-Day Extension**

The Court will grant defendants' motion for a 30-day extension to file their invalidity contentions.

**Memorandum Decision & Case Management Order - 1**

**E-Discovery Order**

The Court finds that the E-discovery Order proposed by defendants shall govern this case. The Court understands plaintiff's objection that it is unduly burdensome. If plaintiff can show that certain provisions are unreasonable as applied to this case, the plaintiff may move to modify the Order.

**Protective Order**

The parties shall work together to agree to a protective order.

**Inventor Deposition**

The Court understands defendants' concern about needed additional time to depose plaintiff Fleming if he takes on various roles in this litigation. However, the Court is not going to authorize any additional depositions in advance. Plaintiff concedes that if Fleming is going to be called as an expert, he would need to be deposed both as a fact witness and as an expert. But we can cross that bridge when we come to it – the Court will refuse at this time to authorize any additional depositions of Fleming without prejudice to the right of defendants to request additional depositions at a later time.

**CASE MANAGEMENT ORDER**

In accordance with the Memorandum Decision set forth above and the Court's Local Patent Rules,

NOW THEREFORE IT IS HEREBY ORDERED that the following schedule shall govern this case:

| Schedule | |
|---|---|
| **Activity** | **Deadline** |
| (1)  Initial Disclosures | November 13, 2012 |
| (2)  Disclosure of asserted claims & infringement contentions | November 22, 2012 |
| (3)  Document Production associated with asserted claims & infringement contentions | November 22, 2012 |
| (4)  Patent invalidity contentions (due from party opposing claims of infringement) | February 4, 2013 |
| (5)  Document Production associated with invalidity contentions | February 4, 2013 |
| (6)  Amendments to (2) and (4) | Only by Court Order upon timely showing of good cause per Local Patent Rule 3.7 |
| (7) Exchange lists of proposed terms & identification of 10 most important terms | February 18, 2013 |
| (8) Exchange of preliminary claim constructions and extrinsic evidence | March 11, 2013 |
| (9) Filing of joint claim construction and prehearing statement | April 8, 2013 |
| (10) Completion of claim construction discovery | May 6, 2013 |
| (11) Claim construction briefs | Plaintiff's opening brief - May 20 2013<br>Defense response brief - June 3, 2013<br>Plaintiff's reply brief – June 10, 2013 |
| (12)  Claim Construction Hearing (*Markman* hearing) | **July 10, 2013 at 9:00 a.m. in the Boise Idaho Federal Courthouse** |

**Memorandum Decision & Case Management Order - 3**

IT IS FURTHER ORDERED, that the following provisions shall govern the production of electronically stored information:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general

**Memorandum Decision & Case Management Order - 4**

discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances. While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to a total of five custodians per producing party for all such requests. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case. Should a party serve email production requests for additional custodians beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

11. Each requesting party shall limit its email production requests to a total of five search terms per custodian per party. The parties may jointly agree to modify this limit without the Court's leave. The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such

**Memorandum Decision & Case Management Order - 5**

as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery. Should a party serve email production requests with search terms beyond the limits agreed to by the parties or granted by the Court pursuant to this paragraph, the requesting party shall bear all reasonable costs caused by such additional discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

**Memorandum Decision & Case Management Order - 6**



DATED:  **November 9, 2012**

          */s/ B. Lynn Winmill*
B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision & Case Management Order - 7**