IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>  Plaintiff,<br><br>v.<br><br>COBRA ELECTRONICS CORPORATION AND THE WHISTLER GROUP, INC.,<br><br>  Defendants. | Case No. 1:12-CV-392-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Fleming's motion to dismiss and strike defendant Whistler's counterclaims and affirmative defenses. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part, striking two affirmative defenses, and requiring the amendment of others to provide more specificity.

## ANALYSIS

In this lawsuit, Fleming argues that Whistler is infringing its patents. In response, Whistler alleges various affirmative defenses and counterclaims. Fleming complains that Whistler's allegations lack the required specificity and should either be stricken or dismissed.

Whistler's affirmative defenses and counterclaims are summarized in the table below:

**Memorandum Decision & Order - 1**

| Whistler Affirmative Defenses & Counterclaims ||
|---|---|
| **Description** <br> **(From Whistler's Answer)** | **Allegation** |
| First Affirmative Defense | Whistler did not infringe |
| Second Affirmative Defense | Fleming's patents invalid |
| Third Affirmative Defense | No notice of patent - No required mark on products |
| Fourth Affirmative Defense | Laches & Estoppel |
| Fifth Affirmative Defense | Prosecution History Estoppel |
| Sixth Affirmative Defense | Improper Joinder |
| Seventh Affirmative Defense | Fleming may lack standing |
| Eighth Affirmative Defense | Absolute & Equitable Intervening Rights |
| "Other Affirmative Defenses" | Reservation of Rights |
| "Lack of Personal Jurisdiction" | Court lacks personal jurisdiction over Whistler |
| First Counterclaim | Seeks Declaration that Whistler did not infringe |
| Second Counterclaim | Seeks Declaration that Fleming's patents are invalid |

**Sixth Affirmative Defense & "Other Affirmative Defense"**

In its sixth affirmative defense, Whistler raises the issue of improper joinder. Under the heading "Other Affirmative Defenses," it reserves its right to assert additional affirmative defenses. In its briefing, Whistler concedes that these are not "commonly considered" as affirmative defenses, and the Court agrees. Both will be struck.

**Second Affirmative Defense & Second Counterclaim**

In both its second affirmative defense and its second counterclaim, Whistler alleges that Fleming's patents are invalid. Beyond that bare allegation, Whistler says nothing – it fails to explain why the patents are invalid. However, Whistler will soon be compelled to provide a much more detailed explanation of the invalidity defense and counterclaim. The requirements

**Memorandum Decision & Order - 2**

set forth in Local Patent Rule 3.3 apply to both the affirmative defense of invalidity and the counterclaim alleging invalidity.  To comply with Local Patent Rule 3.3, and the Court's Case Management Order, Whistler must provide a detailed statement supporting these allegations on or before February 4, 2013.  By that date, the insufficiency will either be corrected or the allegations will, at that time, be subject to dismissal.   Consequently, the Court will deny the motion to dismiss at this time, without prejudice to the right of Fleming to re-raise the issue if the required detailed statement is insufficient.

**Seventh Affirmative Defense & "Lack of Personal Jurisdiction"**

In its seventh affirmative defense, Whistler alleges that "[t]o the extent that Fleming does not hold all substantial rights in the '905 patent, Fleming lacks standing to assert the claims of such patent in relation to Whistler."  Fleming points out that this allegation is prospective in nature and is not based on any presently existing fact.  Fleming also takes issue with Whistler's allegation that the Court lacks personal jurisdiction over it, and argues that this defense is likewise unexplained.

Both of these defenses – lack of standing and lack of personal jurisdiction – are typically raised by a defense motion early-on in the case, and the plaintiff bears the ultimate burden of proof on both issues.  *Native Village of Kivalina v ExxonMobil Corp*., 696 F.3d 849 (9th Cir. 2012) (holding that plaintiff bears burden of establishing standing); *Mavrix Photo, Inc. v. Brand Technologies, Inc.,* 647 F.3d 1218 (9th Cir. 2011) (holding that plaintiff bears the burden of establishing personal jurisdiction).  There appears to be some question whether the specificity required elsewhere would apply to a defendant pleading lack of standing and lack of personal jurisdiction.  *See generally Maya v Centex Corp*., 658 F.3d 1060 (9th Cir. 2011) (refusing to

**Memorandum Decision & Order - 3**

apply *Iqbal* to plaintiff's jurisdictional allegations like constitutional standing). Under these circumstances, the Court is reluctant to dismiss Whistler's allegations regarding standing and personal jurisdiction for a lack of specificity.

### First, Third, Fourth, Fifth & Eighth Affirmative Defenses & First Counterclaim

With regard to these affirmative defenses, and counterclaim, Whistler provides no explanation, leaving Fleming to guess about the basis for the defenses. An affirmative defense is insufficiently pled where it fails to provide the plaintiff with "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir.1979). "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Id*. The "fair notice" pleading requirement is met if the defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." *Smith v. North Star Charter School, Inc*., 2011 WL 3205280 (D.Id. 2011) (internal quotations omitted).

Here, Whistler has failed to provide fair notice of the basis for its claims. The insufficiency of Whistler's pleadings exposes Fleming to unfair surprise later in this case. Fleming is entitled to an explanation of these defenses that includes specific allegations. The Court will give Whistler one opportunity to amend its defenses to provide more detail. Accordingly, the Court will conditionally grant Fleming's motion to dismiss, giving Whistler 14 days to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First, Third, Fourth, Fifth & Eighth Affirmative Defenses and the First Counterclaim.

### ORDER

In accordance with the Memorandum Decision set forth above,

**Memorandum Decision & Order - 4**

NOW THEREFORE IT IS HEREBY ORDERED, that Fleming's motion to dismiss and strike (docket no. 16) is GRANTED IN PART, GRANTED CONDITIONALLY IN PART, AND DENIED IN PART.  It is granted to the extent it seeks to strike the Sixth Affirmative Defense (improper joinder) and the affirmative defense listed under the heading "Other Affirmative Defenses" (reservation of rights).  It is granted conditionally to the extent it seeks to give Whistler fourteen (14) days from the date of this decision to amend its pleadings to provide the requisite detail, and if no amendment is made, the Court will dismiss the First, Third, Fourth, Fifth & Eighth Affirmative Defenses and the First Counterclaim.  It is denied in all other respects.

DATED:  **December 26, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge

**Memorandum Decision & Order - 5**