IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| HOYT A. FLEMING,<br><br>      Plaintiff,<br><br>v.<br><br>COBRA ELECTRONICS CORPORATION,<br><br><br>      Defendant. | Case No.  1:12-CV-392-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for stay and a motion to reduce claims, both filed by defendant Cobra. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny both motions.

## LITIGATION BACKGROUND

In this lawsuit, plaintiff Hoyt Fleming asserts that defendant Cobra Electronics Corporation infringed three of his patents, referred to as the '038, '653, and '905 patents. In another case, filed by Fleming against different defendants – Escort and Beltronics – a jury found that certain claims of the '038 and '653 patents were valid and infringed, and that other claims of the '038 patent were invalid. Escort then asked the Patent and Trademark Office (PTO) to reexamine the patents.

While the reexaminations were pending before the PTO, Cobra filed the motion to stay that is now before the Court, arguing that this litigation should not proceed until the

**Memorandum Decision & Order - 1**

reexamination process is completed.  Since Cobra filed its motion, the PTO has issued rulings in the reexamination process, although it is not clear whether further proceedings are contemplated in that process.  The Court will examine the impact of those rulings, and the impact of the prior trial, on the motion to stay after reviewing the law governing such motions.  The Court will then turn to Cobra's motion to reduce the number of claims.

## ANALYSIS

### Motion to Stay

Courts have inherent power to manage their dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination.  *12 Global Communications Inc. v. Open Text Corp.,* 2013 WL 1182949 (C.D. Cal. March 21, 2013).  In the Northern District of California – a District with vast experience in dealing with such motions – "there is a liberal policy in favor of granting motions to stay proceedings pending the outcome of [PTO] reexamination or reissuance proceedings, though some courts have begun to rethink that policy in recent years." *LifeScan Inc. v. Shasta Technologies, LLC*, 2013 WL 1149819 (N.D. Cal. March 19, 2013).  As alluded to in *LifeScan*, the District has recognized that the liberal policy has not always had its intended consequences:

> [T]here appears to be a growing concern among at least some judges in this District that, on balance, staying a case even in its early stages pending reexamination has not led to the just, speedy, and efficient management of the litigation, but instead has tended to prolong it without achieving sufficient benefits in simplification to justify the delay. This concern stems in part from the unpredictable but often lengthy duration of the stay due to the length of PTO reexamination proceedings . . . in contrast to the salutary effect of firm

**Memorandum Decision & Order - 2**

deadlines on efficient case management.

*Network Appliance Inc. v. Sun Microsystems Inc.,* 2008 WL 2168917 at *3 (N.D. Cal. May 23, 2008). The bottom line is that a request for stay pending reexamination is "very case specific," and "a court is not obligated to delay its own proceedings by yielding to patent reexaminations." *Id*. at *2. In determining whether to exercise their discretion to issue a stay in light of a PTO re-examination, courts emphasize the following three factors: (1) whether a stay would simplify the claims and issues; (2) whether discovery is completed and whether a trial date is set; and (3) whether a stay would unduly prejudice or create a tactical disadvantage for the non-moving party. *Id.*

The first factor, simplification, weighs in favor of granting a stay when "waiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the PTO and clarifying the scope of the claims." *LifeScan, supra* at *2. On the other hand, courts are reluctant to grant stays when it is apparent that some of the patents at issue will survive reexamination, and the discovery on those patents will overlap with other patents still at issue in pending reexaminations. *Network Appliance, supra* at *3.

With regard to the reexamination of the '653 patent, the PTO has now completed its evaluation and made no changes to the patent. With regard to the reexamination of the '038 patent, the PTO did reject some claims, confirmed others, and did not examine still others that are at issue in this case. Specifically, with regard to the '038 patent claims at

**Memorandum Decision & Order - 3**

issue in this case, (1) the PTO confirmed claims 27 and 28, (2) rejected claims 1-3, 18, 26, and 45, and (3) did not examine claims 11-13, 16, 29, and 30.  There was a similar result in the reexamination proceedings for the '905 patent, although it is labeled as a "Non-Final Action."  *See* http://portal.uspto.gov/external/portal/home (PTO website for Patent Reexamination Status). With regard to the '905 patent claims at issue in this case, the PTO (1) confirmed claims 26, 32-34, and 47, and (2) rejected claims 22-25, 27-31, 35-46, and 48-50.  *Id.*

It is not clear from this record whether further proceedings will be held in this reexamination process by the PTO.  Even if some of the PTO's rulings are preliminary, the rulings are nevertheless a detailed analysis of validity issues and the impact of prior art.  With the benefit of the PTO's expertise, and the background of a full trial on two of the three patents at issue, this case is in a much different posture than most cases evaluating motions to stay.  Here, additional delay will not greatly simplify issues or claims.  Moreover, the potential for saving discovery costs evaporated because it is apparent that some claims for each of the three patents will survive reexamination.  Thus, a stay would simply delay the proceedings without providing any compensating benefits.  For these reasons, the Court will deny the motion for stay.

**Motion To Reduce Number of Claims**

In his complaint, Fleming alleges that 19 Cobra products infringe 60 claims in the three patents at issue.  Cobra alleges that it will be extremely burdensome to prepare invalidity contentions, and to prepare for a *Markman* hearing, when so many claims are at

**Memorandum Decision & Order - 4**

issue, and they ask that Fleming be required to choose representative claims to narrow this case.

In a vastly more complex case – with 1,975 claims asserted against 165 defendants – the Federal Circuit approved the trial court's decision ordering the plaintiff to narrow the claims at issue. *See In re Katz Interactive Call Processing Patent Litigation*, 639 F.3d 1303 (Fed. Cir. 2011). There, the trial court found that the defendants made a general showing that many claims were duplicative. Noting that no party had made a detailed analysis of all the claims, the trial court decided to select certain claims for trial, and then "put the burden on the plaintiff to point out those unselected claims that raised separate issues of infringement and invalidity rather than requiring the defendants to prove that all of the unselected claims were duplicative." *Id*. at 1311-12. Katz appealed the trial court's claim reduction process, but the Federal Circuit affirmed, holding that Katz failed to show to the trial court that any unselected claim was worthy of being included in the trial. *Id*. at 1313. The Federal Circuit noted that if Katz had made such a showing, the failure to include those claims would be reversible error. *Id.* at 1312.

In affirming the claim reduction process, the Federal Circuit observed that it should not occur too early in the litigation, before the plaintiff has conducted the discovery necessary to determine what claims are dispensable: "It is also conceivable that a claim selection order could come too early in the discovery process, denying the plaintiff the opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and

**Memorandum Decision & Order - 5**

proposed defenses." *Id*. at 1313 n. 9.

In this case, a claim selection process might streamline this litigation at some point. But *Katz's* concern about employing the process too early applies here – discovery has just begun, and it would be unfair to require Fleming to choose representative claims at this stage of the litigation. Accordingly, the Court will deny the motion without prejudice to the right of the defendants to raise the motion again when Fleming would be in a better position to select representative claims.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 27) and the motion to reduce claims (docket no. 32) are DENIED.

DATED: **April 24, 2013**

Honorable B. Lynn Winmill
Chief U. S. District Judge